IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JAWWAAD ABDUR-RAHIM MUHAMMAD MINISTRY TRUST,** *et al.*, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:25-cv-0047-O-BP |
| **PINERIDGE APARTMENTS LLC,** *et al.*, | § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On January 21, 2025, *pro se* Plaintiff Jawwaad Abdur-Rahim Muhammad filed a civil complaint, and this case was referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Special Order 3. *See* ECF Nos. 1, 4. Plaintiff Muhammad also filed an application to proceed *in forma pauperis* ("IFP"). *See* ECF No. 2.

The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.  NATURE OF THE CASE

This case is a new civil action.

B.  PARTIES

Plaintiff Jawwaad Abdur-Rahim Muhammad is the plaintiff. He appears to bring this complaint in two capacities, as trustee of the Jawwaad Abdur-Rahim Muhammad Ministry Trust

and as the trust itself. Plaintiff names Pineridge Apartments LLC and Korcha Realty Investments LLC as defendants.

### C. LEGAL ANALYSIS

To proceed with a civil action in this Court, a plaintiff must either pay the $405 filing and administrative fees or be granted permission to proceed IFP. *See* 28 U.S.C. §§ 1914, 1915. On January 28, 2025, after reviewing Plaintiff's IFP application, the Court determined that it was deficient and ordered him to either pay the $405 filing and administrative fees or file a complete long-form IFP application by February 11, 2025. *See* ECF No. 6. The Court provided Plaintiff the form necessary to comply and warned him that failure to do so could result in dismissal of this case without further notice for failure to prosecute. *Id.* Plaintiff did not comply. On February 13, 2025, the Court *sua sponte* granted Plaintiff an extension of time to comply with the Court's order by February 27, 2025. *See* ECF No. 8. The Court again warned Plaintiff that failure to either pay the filing and administrative fees or file a complete amended IFP application could result in dismissal of this action under Federal Rule of Civil Procedure 41(b). *Id.*

Rule 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The deadline for Plaintiff to comply with the Court's orders lapsed. To date, Plaintiff has not complied with the Court's orders or otherwise attempted to cure his filing deficiency or communicate with the Court in any way about his case. In fact, three of the Court's orders were recently returned to the Court as undeliverable, and Plaintiff has not updated his mailing address with the Court, which is required. *See* ECF Nos. 9, 10; *see also* N.D. Tex. Civ. R.

83.13, 83.14. Because Plaintiff has not paid the requisite fees or obtained permission to proceed IFP, this case is subject to dismissal for failure to comply with Court orders and for lack of prosecution under Rule 41(b).

## RECOMMENDATION

The undersigned there **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to comply with Court orders and for lack of prosecution, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

It is so **ORDERED** on March 3, 2025.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3